IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Case No. 2:21-cr-20213-MSN

MICHAEL MOSS,

    Defendant.

---

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTIONS TO SUPPRESS**

---

Before the Court are Defendant's Motion to Suppress Statement, (ECF No. 110), Motion to Suppress Identification as to Counts 1 and 2, (ECF No. 111), and Motion to Suppress Identification as to Counts 7 and 8, (ECF No. 112) ("Motions"). These Motions were referred to the United States Magistrate Judge for report and recommendation. (ECF No. 113.) For the reasons set forth below, Defendant's objections are **OVERRULED**, and Defendant's Motions are **DENIED**.

## BACKGROUND

On September 30, 2021, Defendant was charged with three counts of aiding and abetting robbery in violation of 18 U.S.C. § 1951 and 18 U.S.C. §2; three counts of aiding and abetting the use of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c) and 18 U.S.C. § 2; one count of robbery under 18 U.S.C. § 1951; and one count of using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Defendant filed the Motions now before the Court on August 22, 2022 asking the Court to suppress any statements

made after he invoked his right to counsel as well as two pre-trial identifications (one from a photo lineup and one from a "show-up") made by two different individuals. (ECF Nos. 110, 111, and 112.)

On March 1, 2023, the Magistrate Judge conducted a hearing on Defendants' Motions at which she heard testimony from three Government witnesses: Investigator Joseph Williams, Captain Christopher Chestnut, and Mr. Franz Knox. (ECF No. 154 at PageID 427.) The Government also introduced one exhibit (the photo lineup). (*Id.*) Defendant did not call any witnesses or introduce any exhibits. (*Id.*)

On April 4, 2023, the Magistrate Judge entered her Report and Recommendation recommending that Defendants' Motions be denied. ("Report," ECF No. 154.) This Court extended the deadline for objections to the Report due to delays in Defendant obtaining a transcript of the hearing. (ECF Nos. 156, 159.) Defendant objected to the Report's proposed findings as to two of the Motions to Suppress (those relating to the pre-trial identifications) on May 2, 2023. (ECF No. 162.) Plaintiff responded to Defendant's objections on May 30, 2023. (ECF No. 165.)

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59, a district court may refer a motion to suppress to a magistrate judge for the preparation of a report and recommendation. "The magistrate judge must promptly conduct the required proceedings [and] enter on the record a recommendation for disposing of the matter, including any proposed findings of fact." Fed. R. Crim. P. 59(b)(1). If a party files timely objections to the recommendation, the district court must consider those objections *de novo* and "accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3). Failure to object to a magistrate judge's findings or conclusions results in waiver of those objections. Fed. R. Crim. P. 59(b)(2).

"The filing of objections to a magistrate [judge]'s report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Therefore, objections to a magistrate judge's report must be "specific." Fed. R. Crim. P. 59(b)(2). Vague, general, or conclusory objections are improper, will not be considered by the reviewing court, and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate [judge]'s report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.") The Court need not review—under a *de novo* or any other standard—those aspects of a report and recommendation to which no objection is made. *Thomas*, 474 U.S. at 150–52.

## FINDINGS OF FACT

Neither Defendant nor the Government objected to the proposed findings of fact set forth in the Report (ECF No. 154 at PageID 428–34). The Court therefore **ADOPTS** and incorporates those proposed findings of fact.

## DISCUSSION

I. **Motion to Suppress Statement (ECF No. 110)**

Defendant states that when he was arrested on October 23, 2020—the day of the Advance Auto Parts robbery—police took him to the Jackson Police Department ("JPD"), "ostensibly for questioning." (ECF No. 110 at PageID 228.) While there, Defendant claims he initially waived

3

his *Miranda* rights but then "pled the Fifth," at which time the JPD officers left. (*Id.*) Defendant says federal agents entered the room about five minutes later and questioned him about the same subject matter despite his invocation of his right to remain silent and his stated desire to consult an attorney. (*Id.*) He asks the Court to suppress "any and all oral statements that [he] made after he invoked his right to remain silent and his *Miranda* right to counsel." (*Id.* at PageID 233.)

The Magistrate Judge recommended that this Motion be denied as moot because the United States indicated that Defendant did not make any inculpatory statements after invoking his rights and that it was not attempting to offer any statements made after he invoked his rights anyway. (ECF No. 154 at PageID 434.) Defendant did not object to this recommendation. Accordingly, the Court **ADOPTS** the Report's proposed finding as to Defendant's Motion to Suppress Statement.

**II.      Motion to Suppress Identification as to Counts 1 and 2 (ECF No. 111)**

In this Motion, Defendant asks the Court to suppress Mr. Rice-Stampley's pretrial identification of Defendant relating to the alleged robbery at Family Dollar (Counts 1 and 2 of the Indictment). (ECF No. 111.) He argues that the photo lineup presented to Mr. Rice-Stampley was unduly suggestive because Defendant's photo was the only one in which the individual bore a neck tattoo and therefore violated his right to due process. (*Id.* at PageID 236.) The Magistrate Judge agreed with the Government that the lineup was not impermissibly suggestive. (ECF No. 154 at PageID 435.) Defendant objected to that finding. (ECF No. 162 at PageID 526.) In support of his objection, Defendant simply copied and pasted the law and argument sections of his Motion to Suppress on this issue. (*Id.*) As Defendant failed to properly object to the Report, the Court reviews it for clear error and finds none.

Even if the Court were to undertake an independent review, however, the Court would still conclude that Defendant's Motion should be denied. There are two steps when determining the admissibility of identification testimony. *United States v. Sullivan*, 431 F.3d 976, 985 (6th Cir. 2005). If a defendant can show the identification procedure was unduly suggestive, the court then considers whether the identification was otherwise reliable under the totality of the circumstances. *Id.* Here, the Court finds that the photo lineup is not unduly suggestive, and so agrees with the Report that Defendant's Motion should be denied.

A pretrial identification procedure is unduly suggestive when it is "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification," *Simmons v. United States*, 390 U.S. 377, 384 (1968); *Howard v. Bouchard*, 405 F.3d 459, 469 (6th Cir. 2005) (citing *Stovall v. Denno*, 388 U.S. 293, 301–02 (1967); *Neil v. Biggers*, 409 U.S. 188 (1972)), or when it "steer[s] the witness to one suspect or another, independent of the witness's honest recollection," *Cornwell v. Bradshaw*, 559 F.3d 398, 413 (6th Cir. 2009) (citing *Wilson v. Mitchell*, 250 F.3d 388, 397 (6th Cir. 2001)). Relevant to this matter, the Supreme Court has explained that a lineup in which the other participants are "grossly dissimilar in appearance to the suspect" is an example of an unduly suggestive identification procedure. *United States v. Wade*, 388 U.S. 218, 232–33 (1967).

In finding the lineup was not impermissibly suggestive, the Magistrate Judge referenced the similarities in the hair styles, ages, and races of the men in the lineup, as well as the photos' identical backgrounds and similar sizes. (ECF No. 154 at PageID 435.) She also found that "the other five photographs in the lineup all show some amount of darkening or shadow on the necks of the individuals depicted therein," indicating that Defendant's appearance in the photo, which includes his neck tattoo, was not "grossly dissimilar" from the appearances of the other five

individuals. (*Id.* at PageID 435–36.) Indeed, the Report contends that Defendant's neck "tattoo is not clearly visible in the photograph and could easily be mistaken for another type of marking, such as shadow or scarring." (*Id.*)

This Court has reviewed the lineup and thinks Defendant's tattoo might be more visible than the language of the Report suggests. It ultimately finds, however, that the tattoo could reasonably be mistaken for shadow, scarring, or some other source of discoloration and that its presence does not render Defendant's photo "grossly dissimilar" from the other five. The Court is also mindful that lineups in which the individuals share a suspect's physical characteristics are generally not unduly suggestive. *See United States v. Sturgis*, No. 21-20558, 2022 WL 4299358, at *2 (E.D. Mich. Sept. 19, 2022) (citing *United States v. Washington*, 714 F.3d 962, 967 (6th Cir. 2013) (finding that a photo array was not unduly suggestive when the five individuals other than the defendant shared the defendant's race and were of similar, though not identical, skin tone and age)).

The Court therefore **ADOPTS** the Report's proposed finding as to Defendant's Motion to Suppress Identification related to Counts 1 and 2.

### III. Motion to Suppress Identification as to Counts 7 and 8 (ECF No. 112)

In this Motion, Defendant seeks suppression of any evidence stemming from the show-up identification Mr. Knox made at the scene of the car accident after the robbery of the Advance Auto Parts store. (ECF No. 112.) He argues that the show-up was unnecessarily suggestive, and therefore violated due process, because Defendant was the only person presented to Mr. Knox while in handcuffs. (*Id.* at PageID 245.) He also argues that the identification was not reliable based on the totality of the circumstances. (*Id.* at PageID 246–51.) The Government countered that show-ups are not always unduly suggestive, and that the relevant factors for reliability

6

counseled in favor of finding the identification reliable in this case even if the show-up was suggestive. (ECF No. 132 at PageID 363–65.)

The Report acknowledges Defendant's argument that the show-up was suggestive, since Mr. Knox saw the car and gun used in the robbery at the scene before the show-up and since Mr. Knox saw Defendant being brought out of the patrol car for potential identification. (ECF No. 154 at PageID 437.) But it ultimately finds it was not *unnecessarily* so because, among other reasons, the nature of Defendant's swift apprehension (a car wreck) necessarily exposed Mr. Knox to certain aspects of the investigation. (*Id.* at PageID 437–38.) She also notes that police found items from the robbery in Defendant's car, suggesting Defendant was somehow connected to it. (*Id.* at PageID 438.) Finally, the Report finds that even if the show-up was unduly suggestive, it was nonetheless reliable under the totality of the circumstances. (*Id.*)

Defendant objects to the Report's recommendation that this Motion be denied and to its finding that "[e]ven if the show-up is deemed to have some suggestive elements, the weight of these factors in comparison to any suggestiveness demonstrates that the identification in this case is reliable." (ECF No. 162 at PageID 535.) Again, Defendant copied and pasted the law and argument section of his Motion to Suppress on this issue to support his objection. (*Id.*) As Defendant neglected to enter specific objections to the Report, the Court reviews it for clear error and finds none.[1]

The Court notes, though, that it would find no error of law in the Report even if Defendant had properly objected. As explained in the Report, "[i]f an identification is reliable, it will be

---

[1] In his objection, Defendant referenced several portions of Mr. Knox's testimony from the hearing on his motions to suppress. While Defendant supposedly includes these excerpts in support of his objection, the argument section does not address this testimony, since the argument section comes from his Motion to Suppress which was submitted prior to the hearing. The Court is thus unable to discern his precise objection based on this testimony.

7

admissible even if the confrontation was suggestive." (ECF No. 154 at PageID 436 (quoting *Howard v. Bouchard*, 405 F.3d 459, 469 (6th Cir. 2005).) Five factors direct the Court's analysis of whether an identification is reliable under the totality of the circumstances: (1) the opportunity of the witness to view the perpetrator during the crime; (2) the witness's degree of attention to the perpetrator; (3) the accuracy of the witness's prior descriptions of the perpetrator; (4) the level of certainty demonstrated by the witness when identifying the suspect; and (5) the length of time between the crime and the identification. *Jells v. Mitchell*, 538 F.3d 478, 513 (6th Cir. 2008) (citing *Neil v. Biggers*, 409 U.S. 188, 199–200 (1972)).

In reviewing the facts, the Court agrees with the Report's analysis of these factors. The circumstances and length of the robbery, as well as Mr. Knox's specific recollections of Defendant's multiple entrances into the store, indicate sufficient opportunity to view Defendant prior to and during the robbery. They also speak to Mr. Knox's heightened degree of attention to Defendant, both before and during the robbery; specifically, Mr. Knox noted that Defendant drew his attention upon entering the store, and thus before the robbery had even commenced. Further, Mr. Knox's descriptions to Captain Chestnut proved generally accurate: when apprehended shortly after the robbery, Defendant had dreads and a tattoo on his neck and wore sagging khaki pants with bright fluorescent boxers, all of which Mr. Knox had previously reported to Captain Chestnut. At the show-up, which took place shortly after the robbery, Mr. Knox indicated he was "100% sure" Defendant was the perpetrator. (ECF No. 154 at PageID 433.) All of these factors support reliability and, when taken together, outweigh the suggestive elements of the show-up to which the Report refers.

The Court **ADOPTS** the Report's proposed finding as to Defendant's Motion to Suppress Identification related to Counts 7 and 8.

## **CONCLUSION**

For the reasons set forth above, Defendant's objections are **OVERRULED**. The Magistrate Judge's Report is **ACCEPTED** and **ADOPTED**. Defendant's Motions to Suppress (ECF Nos. 110, 111, and 112) are **DENIED**.

**IT IS SO ORDERED**, this 10th day of July 2023.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE